## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| STEPHEN S. GIRARD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No._____ |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| AT&T MOBILITY, LLC, | ) | |
| | ) | **Jury Trial Demanded** |
| Defendant. | ) | |
| | ) | |

## CLASS ACTION COMPLAINT

The Plaintiff, Stephen S. Girard, suing on behalf of himself and others similarly situated, complains of the Defendant, AT&T Mobility, LLC, as follows:

## PARTIES, JURISDICTION AND VENUE

1.      The Plaintiff, Stephen S. Girard, is a citizen and resident of Mecklenburg County, North Carolina, and is an individual consumer and customer of the Defendant. Plaintiff purchased a wireless data plan that permits access to the internet by radio device, Blackberry, iPhone or other devices known as "smart phones."

2.      The Defendant, AT&T Mobility, LLC, is a Delaware limited liability company authorized to do business in the state of North Carolina and maintains a principal place of business within Mecklenburg County, North Carolina.

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1332 (d).  On information and belief, the Plaintiff and the Class have been damaged in an amount exceeding $5,000,000.00 in the aggregate, exclusive of interest and costs. This Court has *in persona* jurisdiction in that the Defendant is a legal entity that regularly conducts business in this district and has breached contracts and caused harm to Plaintiffs in this district.

4.      Venue within this proper within this district and division pursuant to 28 U.S.C. Section 1391 (b).

## STATEMENT OF FACTS COMMON TO ALL COUNTS

5.     Plaintiff hereby incorporates by reference and repleads all prior paragraphs of this Complaint.

6.     The Defendant sells and services wireless data plans to consumers by contract on a monthly payment plan.  The purchase of a wireless data plan permits purchasers of the plan to obtain access to the internet remotely either on a computer or on what is known in the industry as a "smart phone", such as an iPhone, Blackberry or similar device.  For certain kinds of access, AT&T charges owners of smart phones $45.00 per month for internet access.  This plan permits users to access dedicated email servers through the internet.

7.     Where access is by computer only, AT&T charges a monthly fee for the use of a data card.  The data card permits its user to connect a computer to the internet wirelessly through a radio device embedded in the computer or through a device that connects to the computer through a PCMCIA or USB port.  The data card does not transmit voice or pictures independently of the internet.  On average, the plan costs customers $30.00 per month.  The Plaintiff has such a plan and pays charges of approximately $30.00 per month to AT&T.

8.     AT&T states the charges for internet access as separate charges on its bills to customers.

9.     The Internet Tax Freedom Act, 47 U.S.C. Section 151 (1998, as amended) original enactment per "Pub. L. 105-277, Div. C., Title XI, Sections 1100 to 1104, October 21, 1998, 112 Stat. 2681-719), bars state and local governments from imposing taxes on internet access, specifically that "No state of political or subdivision thereof shall impose any of the following taxes during the period beginning November 1, 2003 and ending November 1, 2014:...(1) Taxes on Internet access."

10.     Under the Internet Tax Freedom Act, the phrase "Internet Access" is defined as "a service that enables users to connect to the internet to access content, information, or other services offered over the internet; (B) includes the purchase and use and sale of telecommunications by a provider of a service described in paragraph (A) to the extent such telecommunications are purchased, used or sold. – (i) to provide such service or (ii) to otherwise enable users to access content, information or other services offered over the internet."

11.     Despite the prohibition on taxation of internet access under Federal Law, AT&T improperly and illegally charges its' North Carolina customers state and local sales tax on internet access on its monthly bills.

## CLASS ACTION ALLEGATIONS

12.     Plaintiff hereby incorporates by reference and repleads all prior paragraphs of this Complaint.

13.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all North Carolina consumers who entered into a contract with AT&T for internet access through a smart phone or a wireless data card.

14.     This Class consists of all North Carolina customers who contracted with AT&T to provide internet access through an AT&T system smart phone or an AT&T data card and who were charged tax on that internet access.

15.     This Plaintiff is a member of the Class which he seeks to represent.

16.     The Class consists of thousands of individuals and therefore is so numerous that joinder is impracticable.

17.     The claims of this Plaintiff are typical of the claims of the Class because he and all members of the Class have sustained damages as the result of AT&T's charging of sales tax for internet access.

18.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including but not limited to the following:

   a.     Whether AT&T charged the Plaintiff and the Class sales tax on internet access in violation of the Internet Tax Freedom Act;

   b.     Whether AT&T's improper charging of sales tax on internet access constituted a breach of the covenant of good faith and fair dealing to the Plaintiff and the Class under North Carolina law;

   c.     Whether AT&T should be enjoined from collecting sales tax on internet access; and

   d.     Whether AT&T should refund the taxes wrongfully collected to the individual members of the Class.

19.     All common questions are able to be resolved through the same factual occurrences as specifically and/or generally alleged herein.

20.     Plaintiff will fairly and adequately represent and protect the interests of the Class and has no claims antagonistic to those of the Class.  Plaintiff has retained

competent and experienced counsel in complex class actions, mass tort and product liability litigation, and counsel is committed to the vigorous prosecution of this claim.

21.     Prosecution of separate actions by the Plaintiff and individual members of the Class against the Defendant will create a risk of inconsistent or varying adjudications on the common issues of law and fact related to this action.

22.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because:

a.     Given the number of consumers involved, a class action is the only "fair and efficient" means to adjudicate the controversy;

b.     Multiple lawsuits will be costly, inefficient and duplicative;

c.     Relatively few customers will have been damaged to a degree that would induce them to initiate litigation solely on their own behalf;

d.     The public interest in protecting the rights of consumers favors disposition of the controversy in the class action form;

e.     The class members can largely be identified from AT&T's files; and

f.     There are no manageability problems that would create a situation that would be less fair and efficient than other options.

23.     In addition, the expense and burden of litigation would substantially impair the ability of Class members to pursue the individual cases to protect their rights. In the absence of a class action, AT&T will retain the benefits of its wrongdoing and will continue to collect sales tax improperly.

24.     Class certification under Fed. R. Civ. P. 23 (b) (1) is appropriate because adjudications with respect to individual members of the Class would be as a practical matter dispositive of interests of the other members not parties to these adjudications.

25.     Class certification under Fed. R. Civ. P. 23 (b) (2) is appropriate because AT&T has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole in that AT&T has refused to cease collecting sales tax for internet access.

26.     Class certification under Fed. R. Civ. P. 23 (b) (3) is appropriate because the common issues of fact  and law alleged herein are common to the Class and predominate over any questions affecting only individual members, thereby rendering

the class action superior to all available methods for the fair and efficient adjudication of this controversy.

27. Class certification is also appropriate pursuant to North Carolina law because, as set forth in this Complaint, AT&T has acted and/or refused to act on grounds generally applicable to the Plaintiff and the Class, thereby warranting appropriate injunctive and/or declaratory relief.

<h2 style="text-align:center"><u>COUNT I</u><br>(Breach of Contract)</h2>

28. Plaintiff hereby incorporates by reference and repleads all prior paragraphs of this Complaint.

29. AT&T and Plaintiff entered into a written contract in a form used by AT&T with all its customers similarly situated to Plaintiff.

30. The contract between AT&T and Plaintiff permits AT&T to charge for its services, including internet access, on a monthly basis and permits AT&T to charge Plaintiff for all applicable and legally due federal, state and local taxes.

31. The contract does not permit AT&T to charge for taxes that are not due under law, including taxes for access to the internet.

32. Despite the Internet Tax Freedom Act's prohibition of the imposition of state and local taxes on internet access, AT&T charged Plaintiff state and local sales taxes for internet access.

33. In so doing, AT&T breached its contract with Plaintiff and with other members of the Class.

34. As a result of the breach of contract, Plaintiff and the Class were damaged in the amount of sales tax charged by AT&T for internet access, together with interest on the money which AT&T has wrongly charged Plaintiff and members of the Class.

## COUNT II
### (Breach of Covenant of Good Faith & Fair Dealing)

35.     Plaintiff repleads and incorporates herein by reference all prior allegations of this Complaint.

36.     AT&T entered into a written contract with Plaintiff which implies the covenant of good faith and fair dealing within this contract and adherence to NCGS Section 75-1 *et seq.*.

37.     AT&T breached its duty of good faith, fair dealing and appropriate trade practices as defined by NCGS Section 75-1 *et seq.* by charging the Plaintiff and the Class for state and local sales tax for internet access in violation of the Internet Tax Freedom Act.

38.     The abovementioned breaches of contract, of the covenant of good faith and fair dealing and of unfair trade practices under NCGS Section 75-1 *et seq.* have caused damage to the Plaintiff and to the Class.

## COUNT III
### (Injunctive Relief)

39.     Plaintiff repleads and hereby incorporates and adopts by reference all prior allegations of its Complaint.

40.     AT&T's continued charging Plaintiff and the Class for state and local sales tax on the sale of internet access has resulted in a continuing harm to the Plaintiff and to the Class and that those parties must pay additional sums of money on a monthly basis that AT&T has no legal right to collect.

41.     Unless enjoined from doing so, AT&T will continue to collect from Plaintiff and the Class state and local sales tax on the sale of internet access.

42.     Plaintiff and the Class have no adequate remedy at law in that damages can only address state and local sales tax that AT&T has already collected and can not address AT&T's ongoing collection of such taxes in violation of the law.

43.     Plaintiff and the Class have no adequate remedy at law to stop the collection of such taxes.

44.     The Plaintiff and the Class seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local sales taxes on the sale of internet access and AT&T should be enjoined from the collection of same.

NOW THEREFORE, the Plaintiff on behalf of himself and the Class, request a trial by Jury and seeks the following relief:

1.      Damages in the amount of state of local sales tax improperly charged by AT&T on the sale of internet access for breach of contract and/or for breach of covenant of good faith and fair dealing and for a violation of NCGS Section 75-1;

2.      That an Order of this Court enjoin the collection of AT&T of the collection of state and local sales tax on the sales of internet access;

3.      Attorneys fees as permitted by state and local statute;

4.      Prejudgment interest in the statutory amount;

5.      All costs of this action to be recovered as permitted by law; and

6.      Any other further relief as the Court deems appropriate.

This the 19th day of January, 2010.

**s/W. James Chandler**
W. James Chandler, NC State Bar #781
Attorney for Plaintiff
Law Offices of W. James Chandler
1508 East Fourth Street
Charlotte, North Carolina 28204
Telephone:   (704) 376-6552
Facsimile:    (704) 372-2003
Jchandler@charlottelawoffice.com


**s/Jeremy K. McDonald**
Jeremy McDonald, NC State Bar #34391
Attorney for Plaintiff
Law Offices of W. James Chandler
1508 East Fourth Street
Charlotte, North Carolina 28204
Telephone:   (704) 376-6552
Facsimile:    (704) 372-2003
Jmcdonald@charlottelawoffice.com

**s/Robert Burchette**
Robert L. Burchette, NC State Bar #7035
Attorney for Plaintiff
Johnston Allison & Hord, P.A.
1065 East Morehead Street
Charlotte, North Carolina 28204
Telephone:   (704) 332-1181
Facsimile:     (704) 376-1628
RBurchette@jahlaw.com

**s/Martin L. White**
Martin L. White, NC State Bar #23330
Attorney for Plaintiff
Johnston Allison & Hord, P.A.
1065 East Morehead Street
Charlotte, North Carolina 28204
Telephone:   (704) 332-1181
Facsimile:     (704) 376-1628
MWhite@jahlaw.com

OF COUNSEL:

Theodore H. Huge, Bar Numbers:  D.S.C. 9508, SC 16546
Attorney for Plaintiff
Theodore Huge Law Firm LLC
31 Broad Street
Charleston, South Carolina 29401
Telephone:   (843) 793 4702
Facsimile:     (843) 278-9317
Email:           thh@thehugelawfirm.com

Edward D. Robertson, Jr., Bar Number 27183
Mary D. Winter, Bar Number 38328
Anthony L. DeWitt, Bar Number 41612
Attorney for Plaintiff
Bartimus, Frickleton, Robertson & Gorny, P.C.
715 Swifts Highway
Jefferson City, Missouri 65109
Telephone:    (573) 659-4454
Facsimile:    (573) 659-4460
Email:        chiprob@earthlink.net
              marywinter@earthlink.net
              aldewitt@sprintmail.com


Harry Huge, Bar Number:  D.C 55640
Attorney for Plaintiff
The Huge Law Firm LLP
1080 Wisconsin Ave, N.W., Suite 3016
Washington, D.C. 20007
Telephone:    (202) 965-4672
Email:        harryhuge@comcast.net

STATE OF NORTH CAROLINA

**VERIFICATION**

COUNTY OF MECKLENBURG

     STEPHEN S. GIRARD, being first duly sworn, deposes and says that he is a Plaintiff in the above-captioned matter that he has read the foregoing and that the same is true of his own knowledge except as to those matters and things therein alleged upon information and belief, and as to those matters, he believes them to be true.

_____
STEPHEN S. GIRARD

Subscribed and sworn to before me

this ___19___ day of January, 2010

_____
Notary Public

My Commission Expires: _____

RANDY CARLTON
MECKLENBURG COUNTY
NOTARY PUBLIC - NORTH CAROLINA
MY COMMISSION EXPIRES:
5/23/2014